UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Eric Krieg

   v.                                       Case No. 22-cv-243-SM

Robert Hazlewood, Warden, FCI-Berlin

**REPORT AND RECOMMENDATION**

Petitioner Eric Krieg, who is incarcerated at the Federal Correctional Institution in Berlin, New Hampshire, has filed a petition (Doc. Nos. 1, 4) for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, asking this Court to vacate the 2019 conviction and sentence imposed in United States v. Krieg, No. 2:17-CR-146-JVB (N.D. Ind.) ("Criminal Case"). The petition is before the undersigned Magistrate Judge for preliminary review. See 28 U.S.C. § 2243; Rule 4 of the Rules Governing Section 2254 Cases ("§ 2254 Rules"); LR 4.3(d)(4)(A); see also § 2254 Rule 1(b) (allowing application of § 2254 Rules to any habeas corpus petition). Also before the Court for consideration is Mr. Krieg's motion for summary judgment (Doc. No. 7).

**Background**

On December 4, 2018, Mr. Krieg pleaded guilty to the following four counts of a five-count indictment: making an unregistered destructive device, in violation of 26 U.S.C.

§ 5861(f) (Count 1); mailing a destructive device, in violation of 18 U.S.C. § 1716(j)(2) (Count 2); malicious use of explosive materials, in violation of 18 U.S.C. § 844(i) (Count 3); and mailing threatening communications, in violation of 18 U.S.C. § 876(c) (Count 5). On April 4, 2019, the District Court for the Northern District of Indiana ("Trial Court") imposed a 348-month sentence on those four counts. Count 4 of the indictment, charging Mr. Krieg with possessing a destructive device, in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A) and (B)(ii), was dismissed on the Government's motion as part of Mr. Krieg's plea agreement. Mr. Krieg did not file a direct appeal of his conviction and sentence.

Several months later, on July 29, 2019, Mr. Krieg filed a motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255 in his criminal case. In his § 2255 motion, Mr. Krieg challenged his guilty plea and sentence on grounds of ineffective assistance of counsel, and that he was actually innocent of Count 5 of the indictment. See Criminal Case, Def.'s Mot. to Vacate Under § 2255 (ECF No. 44). The Trial Court denied Mr. Krieg's motion. See id., July 21, 2022 Order (ECF No. 114); January 6, 2003 Order (ECF No. 153).

Mr. Krieg filed his original § 2241 petition (Doc. No. 1) in this case in 2022, prior to the Trial Court's denial of his § 2255 motion, claiming that this Court should apply the "savings

clause" in § 2255(e) to allow him to litigate claims here that he had asserted in his § 2255 motion, alleging that the Trial Court had abandoned his case. In his motion to amend (Doc. No. 4), which this Court granted and deemed to be part of the petition, Mr. Krieg withdrew his ineffective assistance claims, as the Trial Court had ruled on his § 2255 motion and addressed those claims.

In his amended petition, Mr. Krieg also asserted a new claim, that he is actually innocent of Claim 4 of the indictment and that his conviction and sentence therefore work a "miscarriage of justice." Mr. Krieg asserts that he could not litigate that claim in his § 2255 proceeding because he signed an appeal waiver as part of his plea agreement which barred such a challenge to his conviction and sentence. Mr. Krieg asserts that the Seventh Circuit does not recognize a "miscarriage of justice" exception to an appeal waiver for an actual innocence claim, but the First Circuit does recognize such an exception. He therefore asks this Court to find that he is actually innocent of Count 4, grant his petition, and vacate his conviction and sentence so the matter can be returned to the Trial Court.

**Discussion**

I. Savings Clause

Claims raised in a post-conviction pleading, challenging the validity of a federal criminal conviction and/or sentence, generally fall within the exclusive jurisdiction of the court where the petitioner was convicted and sentenced, pursuant to § 2255.  Section 2255(e), known as the "savings clause," preserves a limited role for the court in the district where a federal prisoner is incarcerated to consider a § 2241 petition challenging the validity of his incarceration.  See United States v. Barrett, 178 F.3d 34, 49 (1st Cir. 1999).  The savings clause provides, in pertinent part:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [§ 2255], shall not be entertained . . . unless it . . . appears that the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

"[P]ost-conviction relief can be termed 'inadequate' or 'ineffective' only when, in a particular case, the configuration of section 2255 is such 'as to deny a convicted defendant any opportunity for judicial rectification.'"  Trenkler v. United States, 536 F.3d 85, 99 (1st Cir. 2008) (citations omitted).  "[R]ecourse to the savings clause has only been permitted in 'rare and exceptional circumstances' in order to avoid a

'complete miscarriage of justice.'" Peters v. Boncher, No. CV 22-11503-JGD, 2023 U.S. Dist. LEXIS 12526, at *5, 2023 WL 387612, at *3 (D. Mass. Jan. 25, 2023) (quoting Trenkler, 536 F.3d at 99) (internal quotation marks omitted). "The Supreme Court has defined the term 'miscarriage of justice' as encompassing only those 'extraordinary instances when a constitutional violation probably has caused the conviction of one innocent of the crime.'" Trenkler, 546 F.3d at 99 (quoting McCleskey v. Zant, 499 U.S. 467, 494 (1991)).

II. Actual Innocence Claim

Mr. Krieg asserts that he is actually innocent of Count 4 of his indictment, and that it would therefore be a miscarriage of justice to hold him to the appeal waiver to which he agreed as part of his plea agreement. As noted above, Mr. Krieg pleaded guilty to Counts 1, 2, 3, and 5 of his indictment; Count 4 was dismissed. Mr. Krieg has not been convicted of Count 4 and is not serving a sentence for that offense. Even assuming he could demonstrate his innocence of the offense described in Count 4, Mr. Krieg cannot use a § 2241 petition to challenge the legality of his present custody on the basis that he is innocent of an offense of which he was not convicted, and pursuant to which he is not in custody. As the actual innocence claim is the only claim remaining in Mr. Krieg's petition, the District

5

Judge should dismiss the petition (Doc. Nos. 1, 4).

## Conclusion

For the foregoing reasons, the District Judge should:

1. dismiss Mr. Krieg's § 2241 petition (Doc. Nos. 1, 4);

2. deny Mr. Krieg's motion for summary judgment (Doc. No. 7); and

3. direct the clerk to enter judgment and close this case.

Any objections to this Report and Recommendation must be filed within fourteen days of the date of receipt of this notice. The objection period may be extended upon motion. Failure to file any objection within the specified time waives the right to appeal the district court's Order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016). Only those issues raised in the written objections "'are subject to review in the district court,'" and any issues "'not preserved by such objection are precluded on appeal.'" Id. (citations omitted).

_Andrea K. Johnstone_
Andrea K. Johnstone
United States Magistrate Judge

June 15, 2023

cc: Eric Krieg, pro se